IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JESSE WARDEN, | Case No. 6:25-cv-01467-MC, |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RICHARD FORDYCE, BROOKE ROLLINS, U.S. Secretary of Agriculture, UNITED STATES DEPARTMENT OF AGRICULTURE FARM PRODUCTION AND CONSERVATION, | |
| Defendants. | |

———————————————————

MCSHANE, Judge:

Plaintiff Jesse Warden brings this action alleging disability-based discrimination during his employment with the U.S. Department of Agriculture ("USDA"). Compl., ECF No. 1. Plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Rehabilitation Act, 29 U.S.C. § 791.[1] Defendants move to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and to strike portions of the Complaint pursuant to Fed. R. Civ. P. 12(f). Defs.' Mot., ECF No. 14. Because Plaintiff's claims rely on unexhausted, untimely discrete actions and Plaintiff fails to plausibly plead the existence of a hostile work

---

[1] The Complaint labels its Rehabilitation Act claims as "29 U.S.C. § 794." Compl. ¶¶ 28–55. As the parties recognize, Plaintiff's claims are properly brought under § 791, instead. Pl.'s Resp. 4, ECF No. 18; Defs.' Reply 2, ECF No. 19. Because the parties address Plaintiff's claims as though they had been brought under the proper section of the Rehabilitation Act, the Court considers the Motion according to § 791, rather than delay a decision by having Plaintiff replead to correct the error. Defendant Rollins in the proper defendant for these claims.

1 – OPINION AND ORDER

environment, Defendants' Motion (ECF No. 14) is GRANTED. Plaintiff's claims are DISMISSED without leave to amend.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all factual allegations as true and construe the alleged facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## SUMMARY OF FACTUAL ALLEGATIONS

The Court supplements Plaintiff's allegations with documents subject to judicial notice. A court's review on a motion to dismiss is generally limited to the plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(6), (d). However, a court may review materials "attached to the complaint," "incorporated by reference" into the complaint, or subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may take judicial notice of indisputable adjudicative facts, which include "'records and reports of administrative bodies.'" *Id.* at 909 (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). A court

may therefore consider administrative records and documents submitted in an underlying administrative proceeding in reviewing a motion to dismiss in a Rehabilitation Act case. *See, e.g.*, *Baughn v. Driscoll*, 2025 WL 3653954, at *3 (D. Or. Dec. 17, 2025). The Court takes judicial notice of the contents of the USDA's Report of Investigation regarding Plaintiff (Jeter Decl. Ex. 1, ECF No. 15-1), the U.S. Equal Employment Opportunity Commission ("EEOC") Notice of Intent to Issue Summary Judgment regarding Plaintiff (Jeter Decl. Ex. 2, ECF No. 15-2), and the EEOC's Decision and Order Entering Judgment regarding Plaintiff (Jeter Decl. Ex. 4, ECF No. 15-4).

On December 5, 2022, Plaintiff began work as a "Soil Conservationist GS-0457-5" at the USDA's Natural Resources Conservation Service ("NRCS") office in Dallas, Oregon. Jeter Decl. Ex. 1, at 2, 13, ECF No. 15-1. Plaintiff's first-line supervisor was Evelyn Conrad, District Conservationist. *Id.* Plaintiff suffers from post-traumatic stress disorder ("PTSD") and an "auto-immune disease response to the flu/COVID vaccine," which caused him to miss work in March of 2023. Jeter Decl. Ex. 1, at 13; Compl. ¶¶ 14, 29, 38. Plaintiff requested work accommodations for his PTSD. Compl. ¶ 8. The record indicates Conrad informed Plaintiff of a subset of approved "reasonable accommodations" on June 15, 2023, that would be re-evaluated in one year and that did not change Plaintiff's work duties or alter his position's conduct, performance, or production standards. Jeter Decl. Ex. 1, at 27–28.

Plaintiff alleges he suffered adverse employment actions including denial of a promotion, refusal to accommodate, and discipline. Compl. ¶¶ 32–33, 41, 51. First, on July 26, 2023, following a request for accommodations, Plaintiff alleges Conrad denied him paid breaks in addition to his lunch break, telling him he could "take the same breaks he had been taking but without pay." *Id.* ¶ 8. Next, on October 4, 2023, Conrad marked Plaintiff as "Absent Without Leave" ("AWOL"). *Id.* ¶ 9; Jeter Decl. Ex. 1, at 17. Plaintiff alleges he had notified Conrad about his absence in

3 – OPINION AND ORDER

advance and signed an "absenteeism document" upon his return but Conrad marked him as AWOL nevertheless. Compl. ¶ 9. On October 4, 2023, Plaintiff also received a "satisfactory review for a step increase" but was not promoted to "GS-7." *Id.* ¶ 11; Jeter Decl. Ex. 1, at 29. Conrad issued Plaintiff a Letter of Reprimand on October 5, 2023 for his absence, which Plaintiff alleges he signed and submitted on October 13, 2023. *Id.* ¶ 10; Jeter Decl. Ex. 1, at 17. Plaintiff alleges Conrad then misrepresented that Plaintiff had refused to sign the document. Compl. ¶ 10; Jeter Decl. Ex. 1, at 18.

Plaintiff also points to "harassment and humiliation causing his health condition to deteriorate." Compl. ¶¶ 32–33. Plaintiff alleges Conrad began harassing him after he asked for an accommodation. *Id.* ¶ 12. Plaintiff alleges Conrad's harassment included sending him work-related emails to his personal email while he was "off duty and on authorized Family Medical Leave." *Id.* Plaintiff also points to comments Conrad made to him as early as March 2023 and until December 2023. *See id.* ¶¶ 12–23. Plaintiff alleges Conrad "confronted" him multiple times about his use of "sick time," including in May of 2023 (*id.* ¶19), expressing to him she "did not believe that he was sick and did not believe his PTSD made him physically ill" (*id.* ¶¶ 14, 19). Plaintiff alleges Conrad also expressed "she was not there to hold his hand" when he requested "assistance, guidance and resources." *Id.* ¶ 15.

Plaintiff identifies specific comments made by Conrad. Plaintiff states, "[o]n or about October 10, 2023," Conrad told him "[y]our [sic] are already damaged." Compl. ¶ 17. "On or about May of 2023," Conrad told him, "I think its [sic] all in your head." *Id.* ¶ 18. "On or about May of 2023," Conrad told Plaintiff, "in a mocking voice, 'There he goes the fatalist. I'll take anything that comes my way. I'm a loser.'" *Id.* ¶ 20. "On or about October 10, 2023," Conrad told Plaintiff, "I'd like to get out of work because I'm stressed out." *Id.* ¶ 21. "On or about October 10, 2023,"

4 – OPINION AND ORDER

Conrad told Plaintiff, "What about the grievances? Seems like you're full of threats." *Id.* ¶ 22. Plaintiff alleges Conrad said the same thing to him once more "on or about" December 5, 2023, "add[ing], 'that's something else you can't follow through with.'" *Id.* Plaintiff also alleges, "[o]n or about November 17, 2023," Conrad told Plaintiff, "You're middle aged. You're not 20." *Id.* ¶ 23. Lastly, Plaintiff alleges "[o]n or about December 20, 2023, during an all-staff meeting, [Conrad] made inappropriate statements towards him in front of his colleagues," but Plaintiff does not identify what the statements were. *Id.* ¶ 13.

On December 20, 2023, Plaintiff contacted an EEOC counselor to report discrimination.[2] Jeter Decl. Ex. 1, at 14–16; Pl.'s Resp. 3, ECF No. 18. The EEOC issued a "Report of Investigation" in Plaintiff's case, incorporating its findings and supporting records. Jeter Decl. Ex. 1, at 1–12. On April 24, 2025, the EEOC issued a Notice of Intent to Issue Summary Judgment in favor of USDA on Plaintiff's claims. Jeter Decl. Ex. 2. Following an opportunity for Plaintiff to respond to the Notice, the EEOC adopted the reasoning and conclusions stated in the Notice and entered judgment for USDA. Jeter Decl. Ex. 4.

## DISCUSSION

Plaintiff concedes to the dismissal of Claim One (Compl. ¶¶ 25–27) for "Violations of 42 U.S.C. § 12112." Pl.'s Resp. 4. The Court finds Plaintiff's remaining claims under the Rehabilitation Act, 29 U.S.C. § 791, must also be dismissed because they rely on alleged actions that were not timely exhausted and that do not plausibly establish a hostile work environment.

### I.     Timely Exhaustion

Defendants argue Plaintiff's Rehabilitation Act claims must be dismissed to the extent they rely on alleged discriminatory acts that occurred more than 45 days before Plaintiff contacted an

---

[2] Plaintiff's Complaint states Plaintiff contacted the EEOC, but does not provide a date. Compl. ¶ 6. Plaintiff does not suggest he contacted the EEOC at any time prior to December 20, 2023. *See* Pl.'s Resp. 5–6.

EEOC counselor. Defs.' Mot. 9. Plaintiff instead casts his claims as based on "continuing" adverse employment actions of "refusal to accommodate, promotion denial, the AWOL email, and Reprimand Letter" that "remained active up to the day he contacted an EEOC Counselor," rendering his claims timely. Pl.'s Resp. 5–6.

A federal employee asserting discrimination, refusal to accommodate, or retaliation in violation of the Rehabilitation Act "must initiate contact with a[n] [EEOC] Counselor within 45 days of the date of the [action] alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."[3] 29 C.F.R. § 1614.105. "Failure to comply with this regulation is 'fatal to a federal employee's discrimination claim.'" *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)); *Gipaya v. Dep't of the Air Force*, 345 F. Supp. 3d 1286, 1295 (D. Haw. 2018), *aff'd sub nom. Gipaya v. Barrett*, 803 F. App'x 111 (9th Cir. 2020). Merely asserting a violation is a "continuing violation" does not eliminate the 45-day exhaustion period where the alleged adverse employment action is nevertheless a discrete action, such as a failure to promote or refusal to accommodate. *Id.* at 1247–48 (quoting *Abrams v. Baylor Coll. of Med.,* 805 F.2d 528, 533 (5th Cir. 1986)); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) ("continuing effect is insufficient to constitute a continuing violation").

Plaintiff's claims rely on alleged discrete adverse employment actions that Plaintiff did not timely exhaust by contacting an EEOC Counselor with 45 days of the action. Compl. ¶ 32 (Claim Two); *id.* ¶¶ 42–43 (Claim Three); *id.* ¶ 51 (Claim Four). Plaintiff contacted an EEOC Counselor on December 20, 2023, placing the date of the earliest discrete action for which Plaintiff

---

[3] Thereafter, the federal employee must file a discrimination complaint within 14 days of receiving a notice from the EEOC counselor of the right to file a discrimination complaint. 29 C.F.R. § 1614.106. Plaintiff's timeliness in filing the Complaint is not disputed.

properly exhausted administrative remedies on November 5, 2023. Jeter Decl. Ex. 1, at 14.

Plaintiff's claims based on a failure to accommodate arise from Conrad's denial of his request for additional paid breaks on July 26, 2023. Compl. ¶ 8. Because a refusal to accommodate is a discrete action, Plaintiff cannot state a claim based on this action that occurred before November 5, 2023. *Cherosky*, 330 F.3d at 1248 (holding each denial of a request for accommodation "constitutes a discrete act of alleged discrimination" and finding claims time-barred when the plaintiff did not contact EEOC within 45 days of denial).

Plaintiff's claims based on a failure to promote arise from Conrad informing him he would not be promoted to GS-7 in an email dated October 4, 2023. Compl. ¶ 11; Jeter Decl. Ex 1, at 29. Because a failure to promote is a discrete action, Plaintiff cannot state a claim based on this action that occurred before November 5, 2023. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (listing "failure to promote" as example of discrete act).

Plaintiff's claims based on discipline arise from the "Letter of Reprimand" he received on October 5, 2023 and signed on October 13, 2023, marking him as "AWOL" on October 4, 2023. Compl. ¶¶ 9–10; Jeter Decl. Ex. 1, at 17–18. Because these are discrete actions, Plaintiff cannot state a claim based on these actions that occurred before November 5, 2023. *See Porter v. California Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) ("leaving a negative performance evaluation" in personnel file is a discrete act); *Lyons*, 307 F.3d at 1101 (denial of a "favorable assignment" is a discrete act); *see also Millheisler v. Tacoma Sch. Dist. No. 10*, 2020 WL 758105, at *4 (W.D. Wash. Feb. 14, 2020), *aff'd*, 830 F. App'x 950 (9th Cir. 2020).

The Complaint, together with the judicially noticed materials, establish Plaintiff cannot rely on the discrete instances of failure to promote, refusal to accommodate, and discipline alleged in the Complaint to state a claim here. Compl. ¶¶ 32, 42–43, 51. Plaintiff nowhere suggests

7 – OPINION AND ORDER

equitable tolling would salvage his failure to timely exhaust, nor has the Court identified any basis for tolling upon its review. *See, e.g.*, *Massey-Nino v. Donovan*, 2014 WL 3964951, at *2–3 (D. Or. Aug. 10, 2014). Therefore, to the extent Plaintiff brings discrimination or retaliation claims based on discrete actions occurring before November 5, 2023, Plaintiff fails to state a claim as to Claim Two (Compl. ¶¶ 28–36) and Claim Four (Compl. ¶¶ 46–55). Plaintiff fails to state a claim as to Claim Three for failure to accommodate (Compl. ¶¶ 37–45) because it arises from the unexhausted discrete actions between May and October 2023.

## II.    Hostile Work Environment Theory

Defendants ask the Court to dismiss Plaintiff's discrimination and retaliation claims under the Rehabilitation Act to the extent they are based on a hostile work environment theory. Defs.' Mot. 12. A hostile work environment claim is cognizable under the Rehabilitation Act. *Mattioda v. Nelson*, 98 F.4th 1164, 1173–74 (9th Cir. 2024). To plausibly plead a hostile work environment, a plaintiff "must allege that [they were] subjected to harassment because of [their] disability, and that the harassing 'conduct was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment.'" *Id.* at 1174 (quoting *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003)). A plaintiff must "allege a plausible causal nexus between the claimed harassment and [their] disabilities." *Id.* at 1175. A court considers "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (citation and internal quotations omitted). "'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)' are not sufficient to create an actionable claim . . . but the harassment need not be so severe as to cause diagnosed

8 – OPINION AND ORDER

psychological injury." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) (alteration in original) (quoting *Faragher*, 524 U.S. at 788).

The sum of Plaintiff's factual allegations is insufficient to state a claim based on a hostile work environment. First, Plaintiff attempts to incorporate the same discrete actions discussed above into his hostile work environment theory. Pl.'s Resp. 6. "Hostile environment claims are different in kind from discrete acts," arising instead from "non-discrete acts" such as offensive comments, name-calling, and insults. *Morgan*, 536 U.S. at 114–15. A plaintiff alleging a hostile work environment can state a claim based on non-discrete acts beyond the 45-day statutory exhaustion period, so long as the same hostile work environment persists into, and "at least one act falls within," the exhaustion period. *See id.* at 122; *see also Farrens v. Esper*, 806 F. App'x 539, 542 (9th Cir. 2020) ("[Plaintiff] does not point to any offensive actions [within 45 days of contacting EEOC Counselor], however, so this claim is untimely."). Untimely discrete acts may not be considered to support an ongoing hostile work environment, except to contextualize timely non-discrete acts. *Porter*, 419 F.3d at 893 & n.4. Accordingly, Plaintiff cannot establish a hostile work environment based on the untimely alleged discrete actions. *Morgan*, 536 U.S. at 113. Instead, Plaintiff's relevant allegations are those regarding Conrad's comments to him occurring after November 5, 2023, and any preceding comments consistent with the same alleged hostile work environment. *See Farrens*, 806 F. App'x at 541–42.

Here, Plaintiff's timely allegations include Plaintiff's allegations of Conrad's comments on November 17, 2023, when she said, "You're middle aged. You're not 20." (Compl. ¶ 23), and on December 5, 2023, when she said, "that's something else you can't follow through with," in reference to Plaintiff's grievances (*id.* ¶ 22). One timely comment refers only to Plaintiff's age and is therefore not relevant to his Rehabilitation Act claims here. Plaintiff also refers to comments on

9 – OPINION AND ORDER

December 20, 2023, but does not specify their contents, stating only they were "inappropriate." *Id.* ¶ 13. This allegation is not actionable, as a bare assertion of harassment and offense is insufficient. *Baughn*, 2025 WL 3653954, at *6–7 (explaining a plaintiff must allege "kind of harassment he experienced, when and how often it occurred, or how it affected his working conditions" beyond alleging he was "subject to incidents of harassment"). Moreover, merely "inappropriate" conduct does not rise to the level of a hostile work environment. *See, e.g.*, *Moore v. McCarthy*, 2020 WL 836839, at *5 (W.D. Wash. Feb. 20, 2020) ("Although some of the conduct alleged by Plaintiff appears inappropriate, it does not describe extremely offensive conduct.").

A close reading of Plaintiff's single relevant timely allegation and remaining allegations of harassment by Conrad casts doubt on whether Conrad's comments relate to his disability,[4] but even assuming Conrad's alleged comments share a causal nexus with Plaintiff's disability, they do not reach a sufficient level of severity or pervasiveness to plausibly establish a hostile work environment. Plaintiff alleges at most five statements on approximately three occasions in May, October, and December 2023 when Conrad doubted his disability, doubted his motivation, or simply insulted him. Though understandably unpleasant and dispiriting for Plaintiff, his experience is not sufficient to state a claim here. A hostile work environment requires more than simply showing mistreatment because of disability. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 643–44 (9th Cir. 2003). The Ninth Circuit has recognized pervasive and severe harassment when "objectively and subjectively offensive" statements occur "repeatedly" (*Davis v. Team Elec. Co.*,

---

[4] For instance, it is unclear whether Conrad expressing doubt about Plaintiff's condition supports his claim. *See, e.g.*, *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 856–57 (7th Cir. 2019) (finding two incidents in which the plaintiff was told she needed to prove her disability and was questioned about whether she was truly in pain were not, as a matter of law, enough to support a hostile work environment claim). Another statement, from October 10, 2023, does not seem directed towards Plaintiff, when Conrad said she'd "like to get out of work because [she was] stressed out." Compl. ¶ 21. In addition, Plaintiff's allegation of being contacted by Conrad while he was on "authorized Family Medical Leave" is not accompanied by any details of any such communication (*id.* ¶ 12) and does not otherwise support his Rehabilitation Act claims. *See Gustafson v. U.S. Dep't of Energy*, 2023 WL 9321098, at *3 (D. Or. Oct. 18, 2023), *report and recommendation adopted*, 2024 WL 218469 (D. Or. Jan. 18, 2024).

520 F.3d 1080, 1096 (9th Cir. 2008), *Anderson v. Reno*, 190 F.3d 930 (9th Cir. 1999)), "regularly" (*Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000)), as frequently as "at least once a week and often several times a day" (*Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 870 (9th Cir. 2001)), or resemble an extended campaign spanning a substantial portion of the plaintiff's employment (*see Draper v. Coeur Rochester*, 147 F.3d 1104, 1105–06 (9th Cir. 1998)). Meanwhile, the instances of harassing insults Plaintiff alleges in the Complaint are stray, isolated comments that, though arguably repeated at least once, were few in number. Construed in the light most favorable to Plaintiff, the allegations of the Complaint are therefore insufficient to plausibly establish severe and pervasive conduct to support a hostile work environment claim.[5] Moreover, no one instance of alleged harassment in this case is so "extremely serious" to support a claim standing alone. *Faragher*, 524 U.S. at 788.

Because Plaintiff cannot rely on the alleged discrete actions to state a claim, as discussed above, and Plaintiff also fails to plausibly plead a hostile work environment to support his claims for discrimination and retaliation based on Conrad's alleged harassment,[6] Plaintiff has not stated a claim as to Claim Two (Compl. ¶¶ 28–36) and Claim Four (Compl. ¶¶ 46–55). Defendants' Motion is therefore GRANTED as to Claim Two and Claim Four.

---

[5] *Compare Vasquez*, 349 F.3d at 644 (finding supervisor's two racially derogatory statements over six months, yelling, and writing memos about the plaintiff over a year did not rise to level of hostile work environment), *Denning v. County of Washoe*, 799 F. App'x 547 (Mem.) (9th Cir. 2020) (finding where supervisor "made two derogatory statements about [plaintiff's] disability over a three-year period, told her co-workers [that plaintiff] was a 'problem child' and a 'trouble-maker,' assigned her longer shifts and less desirable tasks, and 'subjected [her] to excessive scrutiny'" was insufficient for hostile work environment under ADA, affirming dismissal), *and Fairless v. Harker*, 2021 WL 1895347, at *6–7 (W.D. Wash. Mar. 22, 2021) (finding "seven phone calls, a conversation, and comments during an investigation over the course of approximately half a year" not " sufficiently pervasive or severe" for hostile work environment claim), *report and recommendation adopted*, 2021 WL 1894017 (W.D. Wash. May 11, 2021), *with Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1035 (9th Cir. 2005) (reversing dismissal of hostile work environment claim under Title VII where supervisor repeatedly made derogatory statements about women in the workplace, openly expressed anger towards women who took maternity leave, and told sexually explicit jokes on a daily basis).

[6] Even if the Court considers the discrete acts in determining whether Plaintiff states a claim based on a hostile work environment, Plaintiff still fails to plausibly allege sufficiently severe and persuasive conduct to state a claim here.

**III.    Leave to Amend**

Because amendment of the Complaint would be futile here, Plaintiff's claims are dismissed without leave to amend. To assess futility of further amendment, the Court considers whether "deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F3d 984, 995 (9th Cir. 2011). The discrete actions Plaintiff alleges are not actionable, and amendment would not cure Plaintiff's failure to timely exhaust. Further, for the reasons given in this Order, Plaintiff would be unable to state a claim upon amendment without introducing allegations of adverse employment actions or instances of harassment completely separate from those of the Complaint and therefore inconsistent with the Complaint. Dismissal with prejudice is appropriate in this case.

## CONCLUSION

Defendants' Motion (ECF No. 14) is GRANTED. Based on Plaintiff's concession, Claim One (Compl. ¶¶ 25–27) is DISMISSED. Because Plaintiff fails to state a claim based on discrete actions or based on a hostile work environment, Claim Two (Compl. ¶¶ 28–36), Claim Three (Compl. ¶¶ 37–45), and Claim Four (Compl. ¶¶ 46–55) are DISMISSED. The Court need not address Defendants' request to strike portions of the Complaint because the Court dismisses the Complaint. Dismissal of Plaintiff's claims is without leave to amend.

IT IS SO ORDERED.

DATED this 16th day of March  2026.

_s/Michael J. McShane_
Michael J. McShane
United States District Judge

12 – OPINION AND ORDER